**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

UNITED STATES OF AMERICA

v.   CAUSE NO.: 2:20-CR-44-TLS-JPK

JAMES CELESTIN

**OPINION AND ORDER**

Defendant James Celestin pleaded guilty to Count 1 of the Information [ECF No. 1] charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *See* Plea Agreement ¶ 7, ECF No. 2. He is awaiting sentence. The United States Probation Office prepared a Presentence Investigation Report (PSR) [ECF No. 25] to which Defendant raised three objections. *See* Addendum to Final Presentence Investigation Report 1–3, ECF No. 26. On October 12, 2020, Defendant filed a Sentencing Memorandum [ECF No. 32], withdrawing the first two objections regarding the offense conduct of an unindicted co-conspirator and the guideline enhancement under § 2B1.1(b)(10). Accordingly, the record will show Defendant's first two objections to the PSR withdrawn. For the reasons stated below, Defendant's remaining objection regarding acceptance of responsibility is OVERRULED.

The PSR does not include an adjustment for acceptance of responsibility under United States Sentencing Guideline § 3E1.1. *See* PSR ¶ 48. Defendant objects, arguing that he is entitled to a two-level reduction in his offense level for acceptance of responsibility as provided in his plea agreement. In his Sentencing Memorandum, Defendant argues that several of the factors in Application Note 1 to § 3E1.1 support the reduction in this case. *See* ECF No. 32.

Section 3E1.1 instructs sentencing courts to decrease the offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1 (U.S. Sentencing Comm'n 2018). A reduction under § 3E1.1 is not

automatic, and a defendant has the burden of showing that a reduction is merited. *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008). Application note 1 to § 3E1.1 lists appropriate considerations for determining whether a defendant qualifies for the adjustment. One such consideration applicable to Defendant is "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct)." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(A). In addition, Defendant contends that he satisfies the consideration of "post-offense rehabilitative efforts (e.g., counseling or drug treatment)," U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(G), because he has maintained employment and has investigated future career opportunities in medical billing, *see* Sentencing Mem. Ex., ECF No. 32-1. Defendant also argues that he "will voluntarily pay restitution to victims upon his release from custody even though he received no financial benefit from his participation in the offense." Sentencing Mem. 2. However, this does not satisfy the consideration in note 1 of "voluntary payment of restitution *prior* to adjudication of guilt." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(C) (emphasis added).

Moreover, another consideration is "voluntary termination or withdrawal from criminal conduct or associations." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(B). The Seventh Circuit Court of Appeals has recognized that a defendant's criminal conduct after pleading guilty, including unrelated criminal conduct, is inconsistent with acceptance of responsibility. *See United States v. Horn*, 635 F.3d 877, 879 (7th Cir. 2011) (citing U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(B); *United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010); *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir. 1994)).

Defendant's plea agreement includes an agreement for a two-level reduction for acceptance of responsibility but also provides: "[S]hould I . . . engage in additional criminal

2

conduct . . . , the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility." Plea Agreement ¶ 7e(i).

After pleading guilty in this case, Defendant was charged with Aggravated Domestic Battery/Strangulation in Cook County Circuit Court in Illinois. PSR ¶ 14, 56. According to the information received by the United States Probation Officer, on May 8, 2020, Defendant allegedly stabbed his girlfriend several times. *Id.* ¶ 56. The victim survived the attack and identified Defendant as her attacker to law enforcement. *Id.* On May 9, 2020, Defendant was pulled over while driving in Oklahoma, his vehicle was impounded, and a kitchen knife was found in his vehicle. *Id.* ¶ 67. On May 13, 2020, Defendant's bond was revoked in this case due to the charges of Aggravated Domestic Battery/Strangulation. *Id.* ¶ 14. Defendant acknowledges the state charges; however, he does not admit any of the facts concerning the offense in paragraph 56 of the PSR. He also argues that the alleged offense was domestic in nature and should have no bearing on acceptance of responsibility for the offense in the Information. The Government responds that the pending state charge and evidence provide a sufficient basis for denying Defendant full credit for acceptance of responsibility under the Guidelines.

The Court recognizes that Defendant has only been charged and has not yet been found guilty of the state charges. Nevertheless, the conduct charged is serious, and Defendant has had his bond revoked in this case as a result of the charges. The fact that the state charges stem from a domestic matter does not change the seriousness of the charges or render them less relevant for purposes of determining acceptance of responsibility. The Court finds that the state charges and evidence are inconsistent with acceptance of responsibility and outweigh Defendant's earlier conduct accepting responsibility for the charge in this case. The Court overrules the objection.

## CONCLUSION

For the reasons stated above, the Defendant's Objection to the Presentence Investigation Report regarding acceptance of responsibility is OVERRULED.

SO ORDERED on October 13, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
