UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br>vs.<br>**JAMES CELESTIN**<br>Defendant. | **CASE NUMBER: 2:20CR44-001**<br>**USM Number: 18154-027**<br><br>**P JEFFREY SCHLESINGER**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to Count 1 of the Information on 5/27/2020.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| CONSPIRACY TO COMMIT WIRE FRAUD | January 2018 | 1 |

The Defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1and 2 of the Indictment in cause 2:19-CR-115-5 are DISMISSED WITH PREJUDICE on Government motion.

October 26, 2020
Date of Imposition of Judgment

s/ Theresa L. Springmann
Signature of Judge

Theresa L. Springmann, Judge, U.S. District Court
Name and Title of Judge

October 26, 2020
Date

# PROBATION

The Defendant is hereby sentenced to probation for a term of **2 YEARS.**

# CONDITIONS OF PROBATION

**While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3563(a):**

1. The Defendant shall not commit another federal, state, or local crime, during the period of probation.

2. The Defendant shall make restitution to the victims of the offense.

3. The Defendant shall not unlawfully possess a controlled substance.

4. The Defendant shall refrain from any unlawful use of a controlled substance.

5. The Defendant shall submit to a drug test within 15 days of placement on probation.

6. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

7. The Defendant shall notify the Court of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution or the special assessment.

8. The Defendant shall cooperate in the collection of a DNA sample from the Defendant if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23):**

9. The Defendant shall not knowingly leave the federal judicial district in which he resides, unless granted permission to leave by the Court or a probation officer. A map outlining the boundaries of the federal judicial district in which he resides will be provided by the probation office at the start of the Defendant's term of probation. (18 U.S.C. § 3563(b)(14)).

10. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer. (18 U.S.C. § 3563(b)(15)).

11. The Defendant shall answer inquiries by a probation officer pertaining to his probation and notify the probation officer within 72 hours of any change in place of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination. (18 U.S.C. § 3563(b)(17)).

12. The Defendant shall notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement Officer. (18 U.S.C. § 3563(b)(18)).

13. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. (18 U.S.C. § 3563(b)(16)).

14. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, child care, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation. (18 U.S.C. § 3563(b)(4)).

15. The Defendant shall not knowingly possess a firearm, destructive device, or any other dangerous weapon. (18 U.S.C. § 3563(b)(8)).

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5B1.3:**

16. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agent of a law enforcement agency without the permission of the Court. (U.S.S.G. § 5B1.3(c)(11)).

17. The Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer, unless the Defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine. (U.S.S.G. § 5B1.3(d)(2)).

18. The defendant shall provide a probation officer with specific financial information regarding the Defendant's ability to pay restitution, forfeiture, or a fine, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the Defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the Defendant's current ability to pay. (U.S.S.G. § 5B1.3(d)(3)).

# CRIMINAL MONETARY PENALTIES

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of fine in this case due to Defendant's inability to pay.

The Court **ORDERS** the Defendant to pay restitution to the U.S. District Court Clerk's Office, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, which shall be due immediately, to be disbursed to the following Victim(s):

| | |
|---|---|
| USAA | $10,000.00 |
| U.S. Bank | $3,216.38 |

Restitution shall be paid at a minimum rate of $100.00 per month commencing 30 days after placement on probation until said amount is paid in full. The imposed payment schedule will remain in effect until such time as the Court is notified by the Defendant, victim, or government that there has been a material change in the Defendant's ability to pay.

The restitution obligation shall be paid in a joint and several liability with the following codefendants:

Pierre Yates – 0755 2:19CR00115-1
Cassandra Vixama – 0755 2:19CR00115-2
Jerry Francis – 0755 2:19CR00115-3
Ahmari Maholmes – 0755 2:19CR00115-4

The Court **ORDERS** the Defendant to pay the special assessment of $ 100.00 to the U.S. District Court Clerk's Office, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, which shall be due immediately.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 | NONE | $13,216.38 |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.